IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KENNETH W. BARNETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:09-cv-1060-MEF |
| | ) |
| UNITED STATES TENNIS ASSOCIATION, | ) (WO - DO NOT PUBLISH) |
| | ) |
| Defendant. | ) |

**O R D E R**

This cause is before the Court on the Plaintiff's Motion for Temporary Restraining Order, contained in Plaintiff's Complaint (Doc. #1). Plaintiff asserts that the United States Tennis Association ("USTA" or "Defendant") denied him due process and slandered him by suspending Plaintiff from all USTA Southern and USTA Alabama tennis leagues through 2010 for conduct "detriment[al] to league tennis play." Plaintiff requests a temporary restraining order staying the USTA sanctions and allowing him to play tennis. Given the claims asserted and that USTA is likely not a state actor, the Court doubts it has subject matter jurisdiction to hear this matter. However, assuming *arguendo* that the Court has jurisdiction, the Court finds that Plaintiff failed to clearly show that he would suffer irreparable harm before Defendant can be heard in opposition.[1] Therefore, it is hereby

---

[1] "The court may issue a temporary restraining order without . . . notice to the adverse party . . . *only* if (A) specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard

ORDERED that:

(1) Plaintiffs' Motion for Temporary Restraining Order is DENIED;

(2) Plaintiff is required to file a brief addressing all salient points of law and arguments relevant to the requested injunctive relief, including the jurisdictional issue raised by this Court, by no later than 2:00 p.m. on Thursday, November 19, 2009; and

(3) A telephone status conference is set in this case for Friday, November 20, 2009, at 10:00 a.m. The Court will initiate the telephone conference call. If Plaintiff will not be reachable at the telephone number provided to the Court at that time, he is DIRECTED to file a notice indicating the telephone number at which he will be reachable at that time. Plaintiff shall be prepared to discuss whether this Court has subject matter jurisdiction and to argue his request for preliminary injunctive relief, contained in his Complaint (Doc. #1), during this telephone conference.

DONE this the 17th day of November, 2009.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

---

in opposition . . . ." Fed. R. Civ. P. 65(b)(1) (emphasis added).